24CA0929 Peo v Mize 02-19-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0929
Fremont County District Court No. 21CR311
Honorable Kaitlin B. Turner, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

William Ray Mize,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE MOULTRIE
Dunn and Harris, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 19, 2026

---

Philip J. Weiser, Attorney General, Cata Cuneo, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Antony Noble, Alternate Defense Counsel, Bryan Collins, Alternate Defense Counsel, Lakewood, Colorado, for Defendant-Appellant

¶ 1     Defendant, William Ray Mize, appeals the judgment of conviction entered after a jury found him guilty of sexual assault – ten-year age difference and force used; sexual assault – position of trust and pattern; aggravated incest; contributing to the delinquency of a minor; and stalking – causing emotional distress. We affirm.

## I.     Background

¶ 2     In July 2021, Mize's stepdaughter, the victim, informed police that Mize had sexually assaulted her multiple times for about a year and a half.  After her disclosure, the victim was examined by a Sexual Assault Nurse Examiner (SANE).

¶ 3     At Mize's trial, the police officer who interviewed Mize testified that Mize admitted to having sexual intercourse with the victim multiple times.  In addition, the prosecution admitted the video of Mize's police interview during which he acknowledged having sex with the victim but maintained that the victim initiated the sexual contact and forced him to have sex with her.

¶ 4     The prosecution also presented the testimony of the nurse who conducted the victim's SANE examination.  Shortly after the nurse began testifying, the prosecution asked the court to qualify her as

an expert. Mize's defense counsel objected because the prosecution had not endorsed her as an expert in its witness disclosures, which the prosecution acknowledged. The court didn't formally rule on defense counsel's objection before the prosecution resumed questioning the nurse and asking her how SANE examinations are usually performed. Defense counsel objected to the questioning, again arguing that the nurse had not been properly endorsed as an expert, and objected to any opinion testimony. However, defense counsel didn't object to the introduction of the nurse's report, the generalized data that she collected, or the findings in the report. The court agreed that the nurse could not offer opinion testimony because "that's the important part of . . . endorsement as an expert."

¶ 5    Following a four-day trial, the jury found Mize guilty of the offenses described above.

## II.    Discussion

¶ 6    Mize contends that reversible error occurred when the trial court allowed the nurse who performed the victim's examination to provide testimony about how a SANE examination is conducted and evidence is collected. He contends that the nurse's testimony relied

too heavily on her training and experience, such that it amounted to expert testimony when she wasn't endorsed as an expert. We perceive no reversible error.

## A.     Standard of Review

¶ 7     We review a trial court's evidentiary decisions regarding expert testimony for an abuse of discretion. *Venalonzo v. People*, 2017 CO 9, ¶ 15. If the alleged evidentiary error is preserved by a contemporaneous objection, we review the error for harmless error, and we reverse only if the error affected the substantial rights of the parties. *People v. Baker*, 2021 CO 29, ¶ 38; *Hagos v. People*, 2012 CO 63, ¶ 12. An error is harmless if there is no reasonable possibility that it contributed to the defendant's conviction. *Pernell v. People*, 2018 CO 13, ¶ 22. "Whether an error is harmless depends on 'the overall strength of the state's case, the impact of the improperly admitted . . . evidence on the trier of fact, whether the proffered evidence was cumulative, and the presence of other evidence corroborating or contradicting the point for which the evidence was offered.'" *People v. Vanderpauye*, 2021 COA 121, ¶ 39 (citation omitted), *aff'd*, 2023 CO 42.

¶ 8    To the extent Mize asserts on appeal that constitutional harmless error should be applied because the error affected his right to due process, we reject that argument. *See People v. Martinez*, 2020 COA 141, ¶¶ 26-27 (holding that the nonconstitutional harmless error standard applies to evidentiary rulings); *see also People v. Flockhart*, 2013 CO 42, ¶ 20 (Only those errors "that specifically and directly offend a defendant's constitutional rights are 'constitutional' in nature." (citation omitted)).

## B.    Preservation

¶ 9    Initially, we note that the parties dispute whether Mize's objection at the beginning of the nurse's testimony was sufficient to preserve his current challenge to the parts of her testimony that may have constituted expert testimony. However, we need not conclusively decide whether Mize's initial objection was sufficient to preserve his appellate challenge because, even assuming it was and the court erred by allowing that testimony, we conclude that any error in admitting that testimony was harmless.

## C.    Analysis

¶ 10    The prosecution presented the following evidence to establish Mize's guilt as to the sexual assault and incest charges:

- The victim's testimony that Mize forced her to have intercourse with him multiple times over the course of about a year and a half and threatened her if she told anyone about it.

- The victim's testimony that she had bruises on her arms from a physical fight with Mize that occurred after she believed he was going to sexually assault her again.

- The unobjected to SANE report which included statements about the victim having bruises on her arms and the collection of evidence, including a vaginal swab from the victim.

- The investigating officer's testimony that Mize admitted having intercourse with the victim and that DNA evidence from a vaginal swab taken during the victim's SANE examination contained evidence of male DNA.

- Mize's police interview during which he repeatedly told the investigating officer that he had sexual intercourse

with the victim but that the victim was the one who forced him into it.

¶ 11    Thus, even assuming the nurse's testimony about how she conducted the exam and collected evidence for the police constituted expert testimony that should have been excluded, there is no reasonable possibility that it contributed to Mize's conviction, given the other admitted evidence of the sexual assault and incest offenses.  Moreover, Mize fails to explain how the nurse's testimony contributed to his convictions for contributing to the delinquency of a minor and stalking.  His assertion of reversible error is therefore conclusory with respect to those charges, and we need not consider it further. *See People v. Sanders*, 2023 CO 62, ¶ 16 (declining to address undeveloped arguments).

¶ 12    Accordingly, we conclude that reversal is not required because any prejudice from the nurse's testimony was harmless.  *See Pernell*, ¶ 22; *Vanderpauye*, ¶ 39.

### III.   Disposition

¶ 13    The judgment of conviction is affirmed.

JUDGE DUNN and JUDGE HARRIS concur.